Jiang v. Holder

BIA
A073 611 310

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
>           DENNIS JACOBS,
>                   *Chief Judge,*
>           RALPH K. WINTER,
>           SUSAN L. CARNEY,
>                   *Circuit Judges.*

_____

ZHEN GUANG JIANG,
>           *Petitioner,*

>           v.                                    12-2225
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Greg D. Mack,
                         Senior Litigation Counsel; Colin J.
                         Tucker, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhen Guang Jiang, a native and citizen of the People's Republic of China, seeks review of a May 21, 2012, decision of the BIA denying his motion to reopen. *In re Zhen Guang Jiang*, No. A073 611 310 (B.I.A. May 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find no abuse of discretion in this case.

There is no dispute that Jiang's 2011 motion to reopen, his third such motion, was both untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). To the extent Jiang contends that the time and numerical limitations do not apply because his motion was "based on changed circumstances arising in" China, 8 U.S.C.

2

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

Initially, the basis of Jiang's motion to reopen – his renewed claim for asylum based on his conversion to Christianity in the United States – is a change in personal circumstances arising in the United States, not a change of conditions arising in China.  *See* 8 C.F.R § 1003.2(c); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Moreover, as Jiang points to no background evidence describing conditions in China in 1997, substantial evidence supports the BIA's conclusion that he failed to demonstrate changed conditions since the time of his last hearing.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing BIA's factual findings regarding changed country conditions under the substantial evidence standard); *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007).

As the BIA's finding that Jiang's motion was both untimely and number-barred is dispositive of his petition for review, we decline to consider the BIA's alternate finding that he failed to establish his *prima facie* eligibility for relief.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk